## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

VICTOR V. REED,

            Plaintiff,

v.                                     Case No. 3:24-cv-461-TJC-LLL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

            Defendant.

_____

## <u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also seeks to proceed <u>in forma pauperis</u>. Doc. 2. Plaintiff is serving a life term of incarceration as a sexual predator for several sexual battery convictions. <u>See</u> <u>State v. Reed</u>, No. 2015-CF-4140 (Fla. 4th Cir. Ct.).[1]

Although not a picture of clarity, Plaintiff seems to challenge the state court's denial of his Florida Rule of Criminal Procedure 3.853 motion requesting postconviction DNA testing of the victim's "fingernail scrapings" and "pubic

_____

[1] The Court takes judicial notice of Plaintiff's state court docket. <u>See</u> <u>McDowell Bey v. Vega</u>, 588 F. App'x 923, 927 (11th Cir. 2014) (holding that district court did not err in taking judicial notice of the plaintiff's state court docket when dismissing § 1983 action); <u>see also</u> <u>Mangiafico v. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) ("[D]ocket sheets are public records of which the court could take judicial notice.").

hairs found in the victim's private area." Doc. 1 at 16-19, 24. According to Plaintiff, the state court's denial violated his due process rights under the Fifth and Fourteenth Amendments as well as his "right to post-conviction access to evidence." Id. at 21. As relief, he requests that the Court vacate the state court's "judgment and remand the case for consideration of (1) whether there existed a constitutional right to post-conviction access to evidence for purpose[s] of conducting potentially exonerative biological testing[;] and (2) if such a right did exist, whether the contours of that right were sufficiently similar to the state standards" used to adjudicate his Rule 3.853 motion. Id. at 19. He also seeks injunctive relief directing DNA testing of the "fingernail scraping" and "pubic hairs." Id. at 24.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017)[2] (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

---

[2] Although the Court does not rely on unpublished opinions as precedent, they may be cited in this Order because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, 30 F. 4th 1055, 1060-61 (11th Cir. 2022). Rule 32.1 of the Federal Rules of Appellate Procedure permits the Court to cite

3

Plaintiff's claims are subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief [under § 1983] that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

A due process claim challenging the denial of access to evidence for DNA testing may be raised in a § 1983 action.[3] Bradley v. Pryor, 305 F.3d 1287, 1290 (11th Cir. 2002); see also Dist. Att'y Off. for Third Jud. Dist. v. Osborne, 557 U.S. 52, 65-66 (2009). Here, Plaintiff fails to specify whether he is seeking to bring a substantive or procedural due process claim, or both. Nevertheless, the United States Supreme Court clarified in Osborne that there is no substantive due process right to DNA evidence. See Osborne, 557 U.S. at 72; see also Cunningham v. Dist. Att'y Off. for Escambia Cnty., 592 F.3d 1237, 1255-56 (11th Cir. 2010) (agreeing that petitioner's substantive due process claim "did

_____

unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

[3] The Court notes that Petitioner also has pending with this Court an action under 28 U.S.C. § 2254. See Reed v. Sec'y, Dep't of Corr., No. 3:24-cv-358-BJD-LLL (M.D. Fla.).

not survive the <u>Osborne</u> decision"). Consequently, to the extent that Plaintiff intends to raise a substantive due process claim arising from the denial of evidence for DNA testing, that claim is due to be dismissed.

To the extent that Plaintiff raises a procedural due process claim challenging the state court's denial of his request to access DNA evidence, "[a] criminal defendant proved guilty after a fair trial does not have the same liberty interests as a free man." <u>Osborne</u>, 557 U.S. at 68. States have "more flexibility in deciding what procedures are needed in the context of postconviction relief." <u>Id.</u> at 69. And "[f]ederal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." <u>Id.</u>; <u>see also</u> <u>Cunningham</u>, 592 F.3d at 1260-61. It is Plaintiff's burden to show the inadequacy of the procedures available when seeking state postconviction relief. <u>See</u> <u>Osborne</u>, 557 U.S. at 71.

In other words, Plaintiff's procedural due process claim cannot survive without factual allegations showing that the state procedure governing postconviction access to DNA evidence is inadequate. <u>Van Poyck v. McCollum</u>, 646 F.3d 865, 869 (11th Cir. 2011); <u>see also</u> <u>Cunningham</u>, 592 F.3d at 1262 (stating that "Cunningham must show that Alabama's procedure for considering a postconviction request for DNA testing is so inadequate that it fails to satisfy <u>Osborne</u>'s standard of fundamental fairness"); <u>Thompson v.</u>

5

Rundle, 393 F. App'x 675, 679 (11th Cir. 2010). Here, Plaintiff fails to allege that any part of Rule 3.853 governing Florida's postconviction DNA testing procedures is inadequate. Rather, he seems to argue that the state court's application of Rule 3.853 to his request was unlawful. Because he fails to adequately allege a procedural due process violation, any procedural due process claim is due to be dismissed.

Likewise, to the extent that Plaintiff intends to raise an access to courts claim, he fails to allege that he suffered an actual injury. Indeed, Plaintiff was not prevented from filing a Rule 3.853 motion in state court. See Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1267 (11th Cir. 2012) (noting that when a plaintiff seeks release of DNA evidence from the state court and the state court denies the request, that plaintiff "cannot raise a colorable claim that he was deprived of access to the courts by the State's actions"). Instead, he is simply dissatisfied with the result of his state court motion. Thus, any access to courts claim is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      This case is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2024.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7
C:    Victor V. Reed, #D49096

7